## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SEAN A. FAIRWEATHER,

      Plaintiff,

      v.

SCRANTON POLICE OFFICER
"SPATHELF," et al.

      Defendants.

CIVIL ACTION NO. 3:24-cv-00352

(SAPORITO, J.)
(BLOOM, C.M.J.)

## ORDER

This matter comes before the court on a magistrate judge's report and recommendation, filed on April 9, 2024. Doc. 9.

Having performed a screening review of the plaintiff's *pro se* first amended complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)[1] and 28 U.S.C. § 1997A,[2] the magistrate judge recommended that the action be dismissed for failure to state a claim with respect to: (a) the plaintiff's § 1983 unreasonable search claims against defendants Thomas and Ossont because any claims concerning a May 2017 search are barred by

---

[1] The plaintiff has been granted leave to proceed *in forma pauperis*. Doc. 10.

[2] The plaintiff was a prisoner when this action commenced, and the defendants include officers or employees of governmental entities. *See* Doc. 1. The plaintiff was recently released from incarceration. Doc. 15.

the applicable statute of limitations, and because neither is alleged to have any personal involvement in an April 2023 search; (b) the plaintiff's § 1983 claims under the Fourteenth Amendment; and (c) the plaintiff's state-law defamation claims. The magistrate judge further recommended that the first amended complaint be served on defendant Spathelf with respect to the plaintiff's § 1983 unreasonable search claims arising out of an April 2023 search.

The plaintiff has filed no objection to the magistrate judge's report and recommendation. *See generally* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Instead, on April 23, 2024, the plaintiff filed his *pro se* second amended complaint without leave of court[3] or the written consent of the opposing parties. *See generally* Fed. R. Civ. P. 15(a)(2). In his second amended complaint, the plaintiff appears to have attempted to allege additional facts to cure the various pleading deficiencies identified by the magistrate judge's report and recommendation.

Where no timely objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is

---

[3] We note that the magistrate judge did recommend that the plaintiff be granted leave to amend with respect to dismissed claims.

no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes (1983); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010). Regardless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); M.D. Pa. L.R. 72.3.

Upon review of the report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led the magistrate judge to his conclusions. Therefore, the court will adopt the report and recommendation in its entirety as the decision of the court.

Moreover, under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). In light of this mandate and the magistrate judge's corresponding recommendation that the plaintiff be granted leave to amend following partial dismissal of the first

amended complaint, the plaintiff's *pro se* submission of a proposed second amended complaint will be liberally construed as a motion for leave to amend, and that motion will be granted. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.     The report and recommendation of Chief United States Magistrate Judge Daryl F. Bloom (Doc. 9) is **ADOPTED** as the decision of the court;

2.     The plaintiff's first amended complaint (Doc. 6) is partially **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), with respect to the plaintiff's § 1983 unreasonable search claims against defendants Thomas and Ossont, the plaintiff's § 1983 claims under the Fourteenth Amendment, and the plaintiff's state-law defamation claims;

3.     The plaintiff's submission of a second amended complaint (Doc. 11) without leave of court or written consent of the opposing parties is **CONSTRUED** as a motion for leave to amend and said motion is

**GRANTED**;

    4.    The plaintiff's second amended complaint (Doc. 11) shall be

**DEEMED FILED** and shall henceforth serve as the operative pleading in

this action; and

    5.    This matter is **REMANDED** to Judge Bloom for screening of

the second amended complaint and any further pretrial proceedings.

Dated: September 19, 2024       *s/Joseph F. Saporito, Jr.*
                                  JOSEPH F. SAPORITO, JR.
                                  United States District Judge